UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BRYIANT OVERTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | NO. 3:19-cv-00003 |
| STATE OF TENNESSEE, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Bryiant Overton has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1). The State of Tennessee ("Tennessee") has moved to dismiss the Petition, arguing that it is untimely. (Doc. Nos. 29, 31). The Court agrees. For the reasons outlined below, the Court will dismiss the Petition without prejudice.

### I. BACKGROUND

On March 25, 2009, Mr. Overton was convicted of attempted murder, aggravated robbery, kidnapping, and conspiracy to commit kidnapping. (Doc. No. 28-1 at 1). A jury found that after a drug deal went wrong, Mr. Overton took a woman to a ditch, shot her multiple times, and left her there. (Doc. No. 28-12 at 1–3). Mr. Overton appealed, and the Tennessee Court of Criminal Appeals ("TCCA") affirmed his convictions on February 15, 2011. (Id. at 1, 11). Mr. Overton did not pursue his direct appeal any further.[1] But on February 2, 2012, he filed a petition in state

---

[1] The Court obtained this information using the case history function on the Tennessee State Courts' website. www.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=31093&Party=True (all websites last visited January 26, 2022). It will rely on information from that website throughout this Memorandum Opinion and Order. This is permissible because courts "may judicially notice" facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." United States v. Ferguson, 681 F.3d 826, 834 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)).

court collaterally attacking his convictions. (Doc. No. 28-15 at 3). The trial court denied the petition on March 31, 2016, and the TCCA affirmed the denial on January 4, 2018. (Id. at 137; Doc. No. 38-1 at 20).

The TCCA's mandate concerning Mr. Overton's case issued on March 12, 2018. www.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=66628&Party=True. Mr. Overton then filed a Motion to Recall Mandate, which the TCCA denied on March 23, 2018. Id. Mr. Overton did not pursue his claim in state court any further. Id. Instead, on January 4, 2019, he filed the Petition in this Court. (Doc. No. 1). Tennessee filed a Motion to Dismiss on June 24, 2021.[2] (Doc. No. 31). The motion has been fully briefed. (Doc. Nos. 31, 32, 38, 39).

## II.   LEGAL STANDARD

A § 2254 petition is subject to a "1-year period of limitation" under 28 U.S.C. § 2244(d). Generally, the limitation period begins running when the petitioner's "judgment of conviction" becomes "final."[3] Id. A conviction becomes "final" upon the "expiration of the time for seeking [direct] review" of the conviction. Id.

Notably, the limitation period applicable to § 2254 petitions does not always expire one calendar year after the petitioner's conviction becomes final. See id. Instead, the period is statutorily tolled for any "time during which a properly filed application for State post-conviction [relief] or other collateral review . . . is pending." Id. An application remains "pending" until it

---

[2] Tennessee originally moved to dismiss the Petition a day earlier, on June 23, 2021. (Doc. No. 29). It refiled its motion to ensure compliance with the Court's Local Rules. (See Doc. No. 31). Hence, the docket contains two nearly identical motions to dismiss. (Doc. Nos. 29, 31). The Court will grant both motions simultaneously in the interest of efficiency.

[3] The limitation period runs from the "latest of" four possible dates. 28 U.S.C. § 2244(d). However, neither party asserts that Mr. Overton's limitation period should run from any date other than the date on which his conviction became final.

"has achieved final resolution through the State's postconviction procedures." Lawrence v. Fla., 549 U.S. 327, 332 (2007) (citation and quotation omitted). Final resolution is achieved once "no other state avenues for relief remain open." Id.

After a state court application for post-conviction relief is resolved and the § 2254 limitation period expires, Courts will still entertain § 2254 petitions if they are "subject to equitable tolling." Wong v. Lindamood, No. 3:14-CV-02321, 2015 WL 631998, at *1 (M.D. Tenn. Feb. 13, 2015). However, the "equitable tolling doctrine is used 'sparingly.'" Id. (quoting Ata v. Scutt, 662 F.3d 736, 741 (6th Cir.2011)). Indeed, equitable tolling only applies if the petitioner shows "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." Id. (citations and quotations omitted).

### III. ANALYSIS

The Court finds the Petition is time-barred and equitable tolling is not warranted. Hence, the Court will dismiss the Petition.

#### A. Mr. Overton's Petition Is Untimely Under 28 U.S.C. § 2244.

The Petition is untimely. Mr. Overton's limitation period began to run when his judgment became "final" on April 18, 2011.[4] 28 U.S.C. § 2244(d). Mr. Overton tolled the limitation period 290 days later, when he filed a petition for post-conviction relief in state court on February 2, 2012. (Doc. No. 28-15 at 3). The limitation period remained tolled while the state trial court and the TCCA considered, and ultimately denied, Mr. Overton's petition. 28 U.S.C. § 2244(d). But the tolling ceased after May 22, 2018, which is the last date on which Mr. Overton could have timely

---

[4] That was the last date on which Mr. Overton could have filed an "application for permission to appeal" the TCCA's February 15, 2011 denial of his direct appeal. See Tenn. R. App. P. 11; Tenn. R. App. P. 21.

filed an application for leave to appeal to the Tennessee Supreme Court ("TSC").[5] Lawrence, 549 U.S. at 332. After that, "no other state avenues for relief remain[ed] open," and the limitation period recommenced. Id. It ended 75 days later, on August 6, 2018.[6] Mr. Overton did not file the Petition until five months after that deadline, on January 4, 2019. (Doc. No. 1). So, the Petition is time-barred.

Mr. Overton argues, to the contrary, that the Petition is timely because he filed it one year after the TCCA denied his state court petition. (Doc. No. 38-1 at 5). In other words, Mr. Overton asks the Court to forget that he let 290 days out of his 365-day limitation period expire before he tolled that period by filing his state court petition. This would require the Court to hold that the § 2244(d) tolling provision permits litigants to restart the clock on their limitation period by instituting a collateral attack in state court *any time* during that period. "However, the [§ 2244(d)] tolling provision does not 'revive' the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run." Wong v. Lindamood, No. 3:14-CV-02321, 2015 WL 631998, at *1 (M.D. Tenn. Feb. 13, 2015) (quoting Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir.2003)). Mr. Overton's argument that he had a full year to file the Petition after the TCCA affirmed the denial of his state court petition is unpersuasive.

Mr. Overton also argues his tolling period was extended (to an unspecified date) because he filed an application for leave to appeal to the TSC after the TCCA affirmed the denial of his

---

[5] Litigants may file an application for leave to appeal to the TSC "within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals." Tenn. R. App. P. 11. Using the interpretation most generous to Mr. Overton (under which the 60-day clock began ticking after the TCCA denied his Motion to Recall Mandate on March 23, 2018), May 22, 2018 was the last date on which he could have filed an application for permission to appeal to the TSC.

[6] As noted previously, before Mr. Overton filed a state post-conviction petition, 290 days of his 365-day limitation period had already expired, leaving 75 days remaining.

state court petition. (Doc. No. 38-1 at 5). As proof, Mr. Overton provides a cover letter for an application to the TSC that is marked "received"— not "filed"—by the "Clerk of the Appellate Courts." (Id. at 54). Mr. Overton does not include the application itself (or any other evidence that he ever properly filed such an application). (Id.). Absent further information, this might leave open the question of whether Mr. Overton extended his tolling period by asking the TSC to review his case and awaiting its response. See Lawrence, 549 U.S. at 332 (indicating that tolling periods may not end until "the State's highest court has issued its mandate or denied review"). But the Court has access to the public records of Mr. Overton's state court proceedings, which contain no evidence that Mr. Overton ever properly moved for leave to appeal to the TSC as he claims.[7] www.tncourts.gov/PublicCaseHistory/CaseDetails.aspx?id=66628&Party=True. Hence, Mr. Overton's claim that he extended his tolling period by applying for leave to appeal to the TSC does not save the Petition from the § 2244 statute of limitations.

B. Equitable Tolling Is Not Warranted.

The doctrine of equitable tolling also does not save the Petition. A § 2254 petitioner "bears the burden of showing that he is entitled to equitable tolling." Wong, 2015 WL 631998, at *1. Mr. Overton has not met this burden. He spends one paragraph of his brief arguing that he "diligently pursued" his claim. (Doc. No. 38-1 at 5). He avers that he "filed a petition for post-conviction relief" in state court, "appealed the denial" of the petition, and later appealed to the TSC for review. (Id.). That is merely a description of Mr. Overton's state court proceedings.[8] It

---

[7] It is possible Mr. Overton has confused the TSC and the TCCA. In his brief, he states that he "filed a motion with the Tennessee Supreme Court to 'recall the mandate.'" (Doc. No. 38-1 at 5). However, Mr. Overton's own exhibits show that he filed that motion with the TCCA, not the TSC. (Id. at 56).

[8] It does not even appear to be an accurate description given that, as discussed, the evidence shows Mr. Overton did not properly move for TSC review of the TCCA's decision on his petition.

5

does not explain Mr. Overton's delay in filing the Petition in *this* Court. Mr. Overton has failed to show the type of "extraordinary circumstance" required to invoke equitable tolling. Wong, 2015 WL 631998, at *1.

IV. **CONCLUSION**

For the foregoing reasons, Tennessee's Motions to Dismiss (Doc. Nos. 29, 31) are **GRANTED**. The Petition (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.[9]

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] The Petition is dismissed "without prejudice" to refiling on a limited basis. Mr. Overton may refile if he is able to demonstrate that the publicly available records of his case on which the Court has relied are incomplete and that the Petition was timely. This would require Mr. Overton to demonstrate that (1) he properly filed an application for leave to appeal to the TSC after the TCCA affirmed the denial of his state court petition *and* (2) the TSC did not respond for the length of time required to toll his limitation period long enough to render the Petition timely. Alternatively, Mr. Overton may refile if he can demonstrate that he made diligent attempts to properly file an application for leave to appeal to the TSC and that equitable tolling is warranted.